UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 4:17-cv-10065-JLK

JUAN CARLOS GIL,

    Plaintiff,

v.

KEYS HOTEL OPERATOR, INC.
d/b/a HAWKS CAY RESORT and
www.hawkscay.com,

    Defendants.

_____

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants, KEYS HOTEL OPERATOR, INC. d/b/a/ HAWKS CAY RESORT and www.hawkscay.com (collectively, "HAWKS CAY"), file and serve their Answer and Affirmative Defenses to Plaintiff, JUAN CARLOS GIL's ("GIL") Complaint [DE 1] and states as follows:

### INTRODUCTORY STATEMENT

1. HAWKS CAY admits that Plaintiff purports to bring claims under the ADA, but denies that it has intentionally or negligently marginalized blind, vision impaired or low vision patrons, including GIL. Further, HAWKS CAY endeavors to diligently review the accessibility of its website and, if any areas of the website may be optimized, it shall expeditiously do so.

2. The allegations contained in this Paragraph do not constitute a factual allegation to which HAWKS CAY can either admit or deny. To any degree that this

1

Paragraph makes an inference of wrongdoing on HAWKS CAY's part, those are denied.

3. The allegations contained in this Paragraph do not constitute a factual allegation to which HAWKS CAY can either admit or deny. To any degree that this Paragraph makes an inference of wrongdoing on HAWKS CAY's part, those are denied.

4. Denied that HAWKS CAY operates business that "completely excludes" visually impaired individuals, such as GIL. Further, HAWKS CAY endeavors to diligently review the accessibility of its website and, if any areas of the website may be optimized, it shall expeditiously do so.

5. HAWKS CAY admits that it operates a resort offering rooms and amenities under its control, but denies any control over the third-party vendors who provide separate services.

6. HAWKS CAY denies that it has impeded accessibility to its website for the visually impaired, such as GIL. Nevertheless, HAWKS CAY is diligently examining its site to determine whether it could be optimized to be further accessible by the visually impaired.

7. HAWKS CAY denies the allegations in this Paragraph.

## JURISDICTION & VENUE

8. HAWKS CAY admits that Plaintiff purports to bring claims under the ADA, but denies that it has intentionally or negligently marginalized blind, vision impaired or low vision patrons, including GIL. Further, HAWKS CAY endeavors to

diligently review the accessibility of its website and, if any areas of the website may be optimized, it shall expeditiously do so.

9. HAWKS CAY admits that Plaintiff claims trespass but denies that this Court should exercise supplemental jurisdiction over such claims.

10. The allegations of jurisdiction contained in this Paragraph call for a legal conclusion to which no response is required.

11. Admitted that venue is proper.

12. Admitted that GIL seeks declaratory and injunctive relief, but denies that he is entitled to such relief in light of HAWKS CAY's current website accessibility capabilities and their diligent efforts to analyze its website to determine whether it requires optimization to better serve visually impaired individuals.

## THE PARTIES

### Juan Carlos Gil

13. HAWKS CAY does not possess information to admit or deny the allegations contained in this Paragraph.

14. HAWKS CAY does not possess information to admit or deny the allegations contained in this Paragraph.

15. HAWKS CAY does not possess information to admit or deny the allegations contained in this Paragraph.

16. HAWKS CAY does not possess information to admit or deny the allegations contained in this Paragraph.

Keys Hotel Operator, Inc.

17. Admitted that HAWKS CAY operates "Hawks Cay Resort".

18. Admitted that HAWKS CAY operates a hotel with resort amenities, as well as a website. Denied as to any operational control over any third-party vendors.

## FACTS

19. HAWKS CAY does not possess information to admit or deny the allegations contained in this Paragraph.

20. HAWKS CAY admits that it operates "Hawks Cay Resort" that is open to the public as well as private members. As to the remaining allegations, HAWKS CAY states that the allegations in this Paragraph constitute legal conclusions to which no response is required.

21. HAWKS CAY states that the allegations in this Paragraph constitute legal conclusions to which no response is required.

22. HAWKS CAY admits that the hotel has restaurants on property. As to the remaining allegations, HAWKS CAY states that the allegations in this Paragraph constitute legal conclusions to which no response is required.

23. HAWKS CAY admits that the hotel has a gift and sundry shop on property. As to the remaining allegations, HAWKS CAY states that the allegations in this Paragraph constitute legal conclusions to which no response is required.

24.     HAWKS CAY admits that the hotel has spa on property.  As to the remaining allegations, HAWKS CAY states that the allegations in this Paragraph constitute legal conclusions to which no response is required.

25.     HAWKS CAY admits that third-party vendors or businesses provide services to the public but denies any operational control or oversight of them.  As to the remaining allegations, HAWKS CAY states that the allegations in this Paragraph constitute legal conclusions to which no response is required.

26.     HAWKS CAY admits that it has a domain name and website connected to its resort with the address: www.hawkscay.com.

27.     HAWKS CAY admits that guests can reserve and learn about the resort and its amenities.  As to the remaining allegations, HAWKS CAY states that the allegations in this Paragraph constitute legal conclusions to which no response is required.

28.     HAWKS CAY admits that members of the public can reserve and learn about the resort through its website but denies the characterization as an "integral part" of its business.  As to the remaining allegations, HAWKS CAY states that the allegations in this Paragraph constitute legal conclusions to which no response is required.

29.     HAWKS CAY admits that members of the public can reserve and learn about the restaurants at the resort through its website but denies the characterization as an "integral part" of its business.  As to the remaining

allegations, HAWKS CAY states that the allegations in this Paragraph constitute legal conclusions to which no response is required.

30.     HAWKS CAY admits that members of the public can reserve and learn about spa, fitness and salon services at the resort through its website but denies the characterization as an "integral part" of its business.  As to the remaining allegations, HAWKS CAY states that the allegations in this Paragraph constitute legal conclusions to which no response is required.

31.     HAWKS CAY admits that its website provides information about its retail stores but denies the characterization that its website is "integral" to its retail stores. HAWKS CAY admits that the public can reserve and learn about the resort through its website but denies the characterization as an "integral part" of its business.  As to the remaining allegations, HAWKS CAY states that the allegations in this Paragraph constitute legal conclusions to which no response is required.

32.     HAWKS CAY admits that the public can reserve and learn about activities offered at the resort and through third-party vendors through its website but denies the characterization as an "integral part" of its business.  As to the remaining allegations, HAWKS CAY states that the allegations in this Paragraph constitute legal conclusions to which no response is required.

33.     HAWKS CAY states that the allegations in this Paragraph constitute legal conclusions to which no response is required.

34.     HAWKS CAY denies that it has violated or discriminated against individuals with disabilities and has a website that is accessible by visually

impaired individuals.  Further, HAWKS CAY is diligently analyzing its website to determine whether its accessibility could be optimized.

35. HAWKS CAY admits that it operates the website: www.hawkscay.com but not the separate booking capabilities of the site, which are operated by a third-party reservations and booking company.  As to the remaining allegations in this Paragraph, HAWKS CAY states that the allegations in this Paragraph constitute legal conclusions to which no response is required.

36. HAWKS CAY does not possess sufficient knowledge to admit or deny the allegations contained in this Paragraph.

37. HAWKS CAY does not possess sufficient knowledge to admit or deny the allegations contained in this Paragraph.

38. HAWKS CAY does not possess sufficient knowledge to admit or deny the allegations contained in this Paragraph.

39. HAWKS CAY does not possess sufficient knowledge to admit or deny the allegations contained in this Paragraph.

40. HAWKS CAY denies that it has violated or discriminated against individuals with disabilities and has a website that is accessible by visually impaired individuals, to a degree.  Further, HAWKS CAY is diligently analyzing its website to determine whether its accessibility could be optimized.

41. HAWKS CAY admits that its website does not have an "Accessibility Notice" as set forth by GIL, but denies that it is under a legal obligation to have a

Notice under the ADA. HAWKS CAY does not possess information to admit or deny the remaining allegations contained in this Paragraph.

42. HAWKS CAY does not possess information to admit or deny the allegations contained in this Paragraph.

43. HAWKS CAY does not possess information to admit or deny the allegations contained in this Paragraph.

44. HAWKS CAY does not possess information to admit or deny the allegations contained in this Paragraph.

45. HAWKS CAY denies that it has violated or discriminated against individuals with disabilities and has a website that is accessible by visually impaired individuals. Further, HAWKS CAY is diligently analyzing its website to determine whether its accessibility could be optimized.

46. HAWKS CAY admits it does not have an "Effective Communications Committee" but denies the remaining allegations contained in this Paragraph, including allegations that it denies equal use by visually impaired persons.

47. HAWKS CAY admits it does not have an "Accessibility Coordinator" but denies the remaining allegations contained in this Paragraph, including allegations that it denies equal use by visually impaired persons.

48. HAWKS CAY denies that it is under any obligation to institute an "Auxiliary Aids and Services Accessibility User Testing Group". Nonetheless, HAWKS CAY has a website that is accessible by visually impaired individuals.

Further, HAWKS CAY is diligently analyzing its website to determine whether its accessibility could be optimized.

49. HAWKS CAY denies that it is under any obligation to institute an "Automated Testing program". Nonetheless, HAWKS CAY has a website that is accessible by visually impaired individuals. Further, HAWKS CAY is diligently analyzing its website to determine whether its accessibility could be optimized.

50. HAWKS CAY denies that it is under any obligation to institute a "Specialized Customer Assistance" line, service or email contact. Nonetheless, HAWKS CAY has a website that is accessible by visually impaired individuals. Further, HAWKS CAY is diligently analyzing its website to determine whether its accessibility could be optimized.

51. Denied. HAWKS CAY has a website that it believes is accessible by visually impaired individuals. Further, HAWKS CAY is diligently analyzing its website to determine whether its accessibility could be optimized.

52. HAWKS CAY denies that it is under any obligation to apply WCAG 2.0. Nonetheless, HAWKS CAY has a website that is accessible by visually impaired individuals. Further, HAWKS CAY is diligently analyzing its website to determine whether its accessibility could be optimized.

53. HAWKS CAY denies that it is under any obligation to institute or have an "Auxiliary Aids and Services Accessibility Policy". Nonetheless, HAWKS CAY has a website that is accessible by visually impaired individuals. Further, HAWKS

CAY is diligently analyzing its website to determine whether its accessibility could be optimized.

54. As set forth herein, HAWKS CAY's website is accessible to individuals with visual impairments. Nevertheless, HAWKS CAY always strives to analyze its website to determine ways to optimize it.

55. HAWKS CAY states that the allegations contained in this Paragraph are vague and confusing rendering it unable to admit or deny them.

56. Denied.

57. To the extent GIL references the ADA, HAWKS CAY states that those allegations constitute legal conclusions to which no response is required.

58. The allegations contained in this Paragraph constitute legal conclusions to which no response is required. As to the remaining allegations as to whether the "mandate" extends to HAWKS CAY calls for a legal conclusion to which no response is required.

59. HAWKS CAY denies that it has violated or discriminated against individuals with disabilities and has a website that is accessible by visually impaired individuals. Further, HAWKS CAY is diligently analyzing its website to determine whether its accessibility could be optimized.

60. HAWKS CAY denies that it has violated or discriminated against individuals with disabilities and has a website that is accessible by visually impaired individuals. Further, HAWKS CAY is diligently analyzing its website to determine whether its accessibility could be optimized.

61. The allegations contained in this Paragraph constitute legal conclusions to which no response is required.

62. The allegations contained in this Paragraph constitute legal conclusions to which no response is required.

63. The allegations contained in this Paragraph contain no factual allegations to which HAWKS CAY has sufficient knowledge to either admit or deny.

64. The allegations contained in this Paragraph contain no factual allegations to which HAWKS CAY has sufficient knowledge to either admit or deny.

65. Denied as to any inference that HAWKS CAY has violated the law. As to the remaining allegations, HAWKS CAY does not possess sufficient information to either admit or deny.

66. The allegations in this Paragraph constitute legal conclusions to which no response is required.

67. HAWKS CAY does not possess sufficient knowledge to admit or deny the allegations contained in this Paragraph.

Trespass Violations

68. HAWKS CAY does not possess sufficient knowledge to admit or deny the allegations contained in this Paragraph.

69. HAWKS CAY does not possess sufficient knowledge to admit or deny the allegations contained in this Paragraph.

70. HAWKS CAY admits that its website contains a Privacy Notice disclosing and that Plaintiff has paraphrased a portion of it.

71. HAWKS CAY does not possess sufficient knowledge to admit or deny the allegations contained in this Paragraph.

72. HAWKS CAY does not possess sufficient knowledge to admit or deny the allegations contained in this Paragraph.

73. Denied.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

74. HAWKS CAY repeats and realleges its responses to allegations 1 through 67 as though fully stated herein.

### Requirement for Effective Communication

75. The allegations in this Paragraph constitute legal conclusions to which no response is required.

76. The allegations in this Paragraph constitute legal conclusions to which no response is required.

77. The allegations in this Paragraph constitute legal conclusions to which no response is required.

78. The allegations in this Paragraph constitute legal conclusions to which no response is required.

79. HAWKS CAY states that the allegations of "widely and readily available technologies" does not provide enough detail for it to either admit or deny these allegations. Nevertheless, HAWKS CAY denies that it has violated or discriminated against individuals with disabilities and has a website that is

accessible by visually impaired individuals. Further, HAWKS CAY is diligently analyzing its website to determine whether its accessibility could be optimized.

**Defendant's Business is a Place of Public Accommodation**

80. The allegations in this Paragraph constitute legal conclusions to which no response is required.

81. The allegations in this Paragraph constitute legal conclusions to which no response is required.

82. The allegations in this Paragraph constitute legal conclusions to which no response is required.

83. The allegations in this Paragraph constitute legal conclusions to which no response is required.

**The Website as a Place of Public Accommodation**

84. The allegations in this Paragraph constitute legal conclusions to which no response is required.

85. The allegations in this Paragraph constitute legal conclusions to which no response is required.

86. The allegations in this Paragraph constitute legal conclusions to which no response is required.

87. The allegations in this Paragraph constitute legal conclusions to which no response is required.

88. HAWKS CAY admits the website provides the public with information about its resort and amenities. HAWKS CAY denies that it provides booking

through a website owned and operated by it but rather a third-party vendor reserves rooms at the resort. As to the remaining allegations contained in this Paragraph, HAWKS CAY states that those allegations constitute legal conclusions to which no response is required.

89. The allegations in this Paragraph constitute legal conclusions to which no response is required.

90. The allegations in this Paragraph constitute legal conclusions to which no response is required.

91. The allegations in this Paragraph constitute legal conclusions to which no response is required.

92. The allegations in this Paragraph constitute legal conclusions to which no response is required.

93. The allegations in this Paragraph constitute legal conclusions to which no response is required.

94. The allegations in this Paragraph constitute legal conclusions to which no response is required.

95. The allegations in this Paragraph constitute legal conclusions to which no response is required.

96. The allegations in this Paragraph constitute legal conclusions to which no response is required.

### Barriers to Access

97. HAWKS CAY denies that it has violated or discriminated against individuals with disabilities and has a website that is accessible by visually impaired individuals. Further, HAWKS CAY diligently analyzes its website to determine whether its accessibility could be optimized.

98. HAWKS CAY states that this Paragraph contains no factual allegations for it to admit or deny.

99. HAWKS CAY does not possess sufficient knowledge to admit or deny the allegations contained in this Paragraph. Nevertheless, if its website contains such issues, HAWKS CAY will diligently remedy any accessibility issues.

100. HAWKS CAY does not possess sufficient knowledge to admit or deny the allegations contained in this Paragraph. Nevertheless, if its website contains such issues, HAWKS CAY will diligently remedy any accessibility issues.

101. HAWKS CAY does not possess sufficient knowledge to admit or deny the allegations contained in this Paragraph. Nevertheless, if its website contains such issues, HAWKS CAY will diligently remedy any accessibility issues.

102. HAWKS CAY does not possess sufficient knowledge to admit or deny the allegations contained in this Paragraph. Nevertheless, if its website contains such issues, HAWKS CAY will diligently remedy any accessibility issues.

103. HAWKS CAY admits that the website does not contain a disabled icon but denies that it is under an obligation to include the icon. Nevertheless, if there

are measures HAWKS CAY can implement to optimize its websites accessibility, HAWKS CAY will explore and implement those.

104. HAWKS CAY does not possess sufficient knowledge to admit or deny the allegations contained in this Paragraph. Nevertheless, if its website contains such issues, HAWKS CAY will diligently remedy any accessibility issues.

105. HAWKS CAY denies that it has violated or discriminated against individuals with disabilities and has a website that is accessible by visually impaired individuals.  Further, HAWKS CAY is diligently analyzing its website to determine whether its accessibility could be optimized.

**Violations of the ADA**

106. HAWKS CAY denies that it has violated or discriminated against individuals with disabilities and has a website that is accessible by visually impaired individuals.  Further, HAWKS CAY is diligently analyzing its website to determine whether its accessibility could be optimized.

107. The allegations contained in this Paragraph, as well as its sub-sections, constitute legal conclusions to which no response is required.  To the extent, the allegations state that HAWKS CAY violated the ADA, HAWKS CAY denies that it has violated or discriminated against individuals with disabilities and has a website that is accessible by visually impaired individuals.  Further, HAWKS CAY is diligently analyzing its website to determine whether its accessibility could be optimized.

108. HAWKS CAY is without sufficient knowledge to admit or deny the allegations contained in this Paragraph.

## COUNT II – TRESPASS

109. HAWKS CAY repeats and realleges its response to Paragraphs 1 through 73 as though fully referenced herein.

110. HAWKS CAY is without sufficient knowledge to admit or deny the allegations contained in this Paragraph.

111. HAWKS CAY is without sufficient knowledge to admit or deny the allegations contained in this Paragraph.

112. HAWKS CAY is without sufficient knowledge to admit or deny the allegations contained in this Paragraph.

113. Denied.

114. Denied.

115. Admitted that GIL has paraphrased HAWKS CAY's website privacy policy.

116. HAWKS CAY denies the allegations contained in this Paragraph, as well as all sub-sections.

117. Denied.

## DEMAND FOR RELIEF

HAWKS CAY denies that Plaintiff is entitled to the relief requested in the Complaint, including the demand in the "Wherefore Clause" and all sub-sections thereto, or otherwise. HAWKS CAY denies that it has violated or discriminated

against individuals with disabilities and has a website that is accessible by visually impaired individuals. Further, HAWKS CAY diligently analyzes its website to determine whether its accessibility could be optimized.

## GENERAL DENIAL

HAWKS CAY denies each and every allegation not expressly admitted to herein.

## AFFIRMATIVE DEFENSES

1. GIL lacks standing and therefore cannot state a claim under the Americans with Disabilities Act ("ADA") because Plaintiff cannot show he was denied the full and equal enjoyment of HAWKS CAY's goods, services, facilities or accommodations because of his disability.

2. HAWKS CAY states that GIL cannot state a claim under the ADA because its website is not a place of public accommodation.

3. HAWKS CAY states that GIL cannot state a claim under the ADA because current federal law does not require HAWKS CAY to implement the policies and procedures demanded by Plaintiff and the proposed modifications may not be readily achievable by HAWKS CAY.

4. GIL has failed to state a claim for trespass.

5. GIL was contributorily negligent in that he did not take appropriate action to opt-out of any associated cookies or analytics under the control and operation of HAWKS CAY.

6. GIL has failed to mitigate his damages under the trespass claim.

7.    Any alleged harm suffered by GIL under the trespass claim is nominal.

8.    HAWKS CAY reserves the right to amend its affirmative defenses as additional defenses may be revealed in discovery.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 21st day of August, 2017, that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Gina Cadogan*
JERRY DEAN HAMILTON
(FBN: 970700)
GINA MARIE CADOGAN, Of Counsel
(FBN: 177350)
ANNALISA GUTIERREZ
(FBN: 97940)
Hamilton, Miller & Birthisel LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686
Facsimile: (305) 379-3690
Email: jhamilton@hamiltonmiller.com
Email: gcadogan@hamiltonmiller.com
Email: agutierrez@hamiltonmiller.com

## SERVICE LIST
*Gil v. Keys Hotel Operator, Inc.*
CASE NO 4:17-cv-10065-JLK

Scott R. Dinin, Esq.
Scott R. Dinin, PA
4200 NW 7th Ave.
Miami, FL 33127
Email: srd@dininlaw.com
Email: inbox@dininlaw.com
*[CM/ECF]*